NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---------------------------------------------------------------x
SELENA MAJOR                                        :
                                                    :
        Plaintiff,                                  :
                                                    :   Civ. No. 03-4507 (DRD)
        v.                                          :
                                                    :
STATE-OPERATED SCHOOL DISTRICT                      :   OPINION
OF THE CITY OF NEWARK,                              :
                                                    :
        Defendants                                  :
                                                    :
---------------------------------------------------------------x

Reginald Jenkins, Jr., Esq.
PRICE, MEESE, SHULMAN & D'ARMINIO, P.C.
Mack-Cali Corporate Center
50 Tice Boulevard
Woodcliff Lake, New Jersey 07677

    Attorneys for Plaintiff Selena Major

Cherie L. Adams, Esq.
SILLS CUMMIS EPSTEIN & GROSS, P.C.
One Riverfront Plaza
Newark, New Jersey 07102

    Attorneys for Defendant State-Operated School District of the City of Newark

**DEBEVOISE, Senior District Judge**

    This matter is before the court on a motion for summary judgment filed by Defendant, the State-Operated School District of the City of Newark (the "District"). Plaintiff, Selina Major ("Plaintiff"), alleges violations under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42

1

U.S.C. § 2000e, *et seq.* for discrimination based on race and color. Specifically, Plaintiff alleges the District failed to employ her, terminated her employment and failed to promote her because she is African-American.[1]

Plaintiff filed a discrimination charge with the Equal Employment Opportunity Commission ("EEOC") and the New Jersey Division of Civil Rights on or about February 28, 2003. The EEOC took over the investigation and on September 26, 2003, it sent Plaintiff a Right to Sue letter. Plaintiff filed her Complaint in this Court on September 26, 2003. For the reasons set forth below, Defendant's motion will be granted.

I. Background

On or about October 21, 2001, the District hired Plaintiff as a *per diem* attendance counselor and she began training for the position. On or about March 15, 2002, Plaintiff was appointed as a full time attendance counselor. Plaintiff and those in positions similar to hers throughout the district were represented by the New Jersey Department of Personnel (the "DOP"), the New Jersey Department of Education (the "DOE") and the Newark Teachers Union (the "Union"). Following the 2001-2002 school year, the District experienced a budget shortfall of $89,000,000 due to a significant cut in state funding. As a result of the cut, the District was required to undergo a reduction in force ("RIF"). During the RIF, the District consulted with and provided information to DOP, DOE, and Union officials and representatives.

---

[1] In her reply to the District's brief in support of its motion for summary judgment, Plaintiff voluntarily withdrew all of her claims except the failure to promote claim.

Eventually, the District's ten non-tenured attendance counselors[2], including Plaintiff, were laid off as a result of the RIF.[3] Laid off employees were placed on a recall list in the event there was a vacancy in the District for an attendance counselor position (the list would be recalled according to seniority). The ten counselors were laid off in reverse order of seniority. On July 1, 2002, Plaintiff was informed that she was being laid off pursuant to the district-wide RIF. After being laid off, Plaintiff worked as a *per diem* attendance counselor for the District, receiving daily assignments from January 2003 through the end of the 2002-2003 school year. In December 2003, Plaintiff was recalled to a permanent attendance counselor position[4], resulting in a salary increase.

In or around July 2002 Plaintiff applied for an open management assistant position in the District's budget office. The management assistant position was a promotional vacancy. Plaintiff took the required civil service examination and was ranked first (along with two other individuals) on the open competitive list issued March 27, 2002. Plaintiff also took a separate promotional examination, for which an October 23, 2002 eligibility roster was issued. Plaintiff was not on that eligibility roster.

Plaintiff was not chosen to fill the management assistant position; instead Carmen Perez,

---

[2] The District contends that three of the ten counselors laid off were Hispanic.

[3] District employees holding the title "Attendance Counselor Bilingual" were not affected by the RIF, pursuant to the District's efforts to better serve its larger Hispanic student body and the Newark's growing Spanish-speaking population. At the time of the RIF, there were ten attendance counselors-bilingual and fifty-eight attendance counselors.

[4] At the time of the filing of the District's motion, Plaintiff was employed by the District as a permanent attendance counselor.

who was ranked on the promotional list[5], was ranked twelfth on the open competitive list, and was serving on a provisional bases in the management assistant position in the budget office, was chosen to fill the position.[6] On June 17, 2002, Sarah Greene, who ranked first along with Plaintiff on the open competitive list and also ranked on the promotional list, was appointed from the list to fill a different management assistant position in the District.

After Perez was appointed, Plaintiff wrote to the DOP and requested that it investigate Perez's promotion. Plaintiff also placed a verbal complaint with Valerie Stutesman, a Human Resource Consultant for the DOP. The DOP investigated the matter, and on April 16, 2003, Stutesman wrote to Plaintiff explaining that Perez had priority for the management assistant position because she was ranked on the promotional list. The DOP further concluded that Perez's promotion was not a violation of civil service rules and that the District was not in a position in which it could have used the open competitive list to fill the vacancy.[7]

## II. Discussion

### A. Summary Judgment Standard

A motion for summary judgment will be granted if after drawing all inferences in favor of the nonmoving party, "the pleadings, depositions, answers to interrogatories, and admissions on

---

[5] Perez's name was not initially on the eligibility list, but Perez's and another's name were at some point manually added to the promotion eligibility roster with retroactive dates.

[6] At the time the management assistant position was being filled, there were two separate lists, a promotional list and an open competitive list.

[7] Pursuant to NJAC 4A:4-3.7(a), the District is required to fill a promotional vacancy using the promotional list, not the open competitive list, if there are persons on the promotional list.

file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law". Fed. R. Civ. P. 56(c); *Apalucci v. Agora Syndicate, Inc.*, 145 F.3d 630, 631 (3d Cir. 1998); *Todaro v. Bowman*, 872 F.2d 43, 46 (3d Cir. 1989); *Davis v. Portline Transportes Maritime Int'l*, 16 F.3d 532, 536 n. 3 (3d Cir. 1994); *Pollock v. Am. Tel. & Tel. Long Lines*, 794 F.2d 860, 864 (3d Cir. 1986).

At the summary judgment stage, the court's function is not to weigh the evidence and determine the truth of the matter, but rather to determine whether there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). A genuine issue may exist if the record taken as a whole could lead a rational trier of fact to find for the party opposing summary judgment. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Under Fed. R. Civ. P. 56(c), the moving party bears the burden of pointing out to the district court an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The court will take the nonmoving party's allegations of fact as true. *Goodman v. Mead Johnson & Co.*, 534 F.2d 566, 573 (3d Cir. 1976). If the moving party meets its burden, the opposition bears the burden of "set[ting] forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

B. Title VII

Title VII prohibits an employer from discharging any individual, or otherwise discriminating against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race or color. 42 U.S.C. § 2000e-2(a)(1); *West v. Philadelphia Elec. Co.,* 45 F.3d 744, 752 (3d Cir. 1995).

In Title VII claims, complainant bears the initial burden of establishing a *prima facie* case of unlawful discrimination. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). In a failure to promote claim at this first stage of a three-step process, a plaintiff must show that he or she is a member of a protected class, that he or she was qualified for the position in question, and that after her rejection the position remained open and the employer continued to search for a candidate with similar qualifications to those of plaintiff. *Id.*; *St. Mary's Honor Center v. Hicks*, 509 U.S. 502 (1993); *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981); *Bray v. Marriott Hotels*, 110 F.3d 986, 990 n.5 (3d Cir. 1997); *Sheridan v. E.I. DuPont de Nemours & Co.*, 100 F.3d 1061, 1066 n.5 (3d Cir. 1996); *Anderson v. Consol. Rail Corp.*, 297 F.3d 242, 249 (3d Cir. 2002); *Sarullo v. United States Postal Serv.*, 352 F.3d 789, 797 (3d Cir. 2003). Once a plaintiff establishes a *prima facie* case of discrimination, at the second step, the burden shifts to the employer who is required to articulate some legitimate, nondiscriminatory reason for the adverse action taken against the employee. *McDonnell Douglas Corp. v. Green*, 411 U.S. at 802; *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. at 254. At the final step, the burden shifts back to the Plaintiff to "establish by a preponderance of the evidence that the employer's proffered reasons were merely a pretext for discrimination, and not the real motivation for the unfavorable job action". *Sarullo v. United States Postal Serv.*, 352 F.3d at 797 (citations omitted).

"On a motion for summary judgment, the district court determines whether the Plaintiff has cast sufficient doubt upon the employer's proffered reasons to permit a reasonable fact-finder to conclude that the reasons are incredible." *Sheridan v. E.I. DuPont de Nemours & Co.*, 100 F.3d at 1072. A plaintiff is charged with demonstrating weaknesses, implausibilities, inconsistencies, incoherences, or contradictions in the employer's proffered legitimate reasons for its action such

6

that a reasonable fact-finder could find them unworthy of credence. *Fuentes v. Perskie*, 32 F.3d 759, 765 (3d Cir. 1994).

As stated above, to prevail on a failure to promote claim under Title VII, Plaintiff must establish as part of her *prima facie* case that she was qualified for the open position, that after her rejection the position remained open, and that the employer continued to search for a candidate of Plaintiff's skills. *Bray v. Marriott Hotels*, 110 F.3d at 989-990. Plaintiff's burden in establishing a *prima facie* case is to produce enough evidence to allow the trier of fact to infer the fact at issue. *Scott v. IBM Corp.*, 196 F.R.D. 233 (D.N.J. 2000). Evidence set forth to establish a *prima facie* case must be established by a preponderance of the evidence. *Sarullo v. United States Postal Serv.*, 352 F.3d at 797.

The evidence before the court shows that Plaintiff is an African-American woman and therefore a member of a protected class, and she may have been qualified for the management assistant position for which the District did not select her to fill. No evidence has been presented that the position remained open after Plaintiff was rejected and that the District continued to search for a candidate of Plaintiff's skills. The lack of such evidence does not however preclude Plaintiff from establishing a *prima facie* case of discrimination. In *Bray v. Marriott Hotels*, 110 F.3d 986 (3d Cir. 1997), the Court of Appeals held that the fact that a position did not remain open after a candidate was rejected was not enough to preclude a finding that a *prima facie* case had been established. The Court of Appeals stated, "[h]ere, the position did not remain open after Bray was rejected. Rather, the position was filled when Riehle was chosen over Bray. However, this variance from the letter of the *McDonnell Douglas Corp.* formula is not relevant to our analysis. The facts necessarily will vary in Title VII cases, and the

7

specification ... of the prima facie proof required ... is not necessarily applicable in every respect to different factual situations." *Id.* at 990 n.5 (internal quotations omitted), quoting *McDonnell Douglas Corp. v. Green*, 411 U.S. at 802 n. 13.  Based on the evidence submitted, the court will proceed as though Plaintiff has established a *prima facie* case of discrimination for failure to promote.

Once a Plaintiff establishes a *prima facie* case, the burden shifts to the Defendant to articulate a legitimate, nondiscriminatory reason for its action. *Tzannetakis v. Seton Hall Univ.*, 344 F.Supp. 2d 438 (D.N.J. 2004).  The burden of offering a legitimate reason for an employment action is light. *Id*.

In this case, to meet her burden, Plaintiff contends that Perez should not have been chosen over her for two reasons.  First, Plaintiff ranked first and Perez ranked twelfth on the open competitive list. (Jenkins Cert., Ex. C).  Second, Plaintiff contends that Perez was less qualified than she was because Perez did not meet the educational requirements for the management assistant position.  Specifically, Plaintiff contends that Perez was appointed to the position even though she did not have a bachelor's degree, which Plaintiff asserts was a prerequisite for appointment to the position.

There is no evidence to support Plaintiff's first contention that Perez should not have been chosen over Plaintiff because Plaintiff ranked above Perez on the open competitive list. Assuming Plaintiff can make out a *prima facie* case of discrimination, the District presents evidence that demonstrates that it had no lawful alternative but to follow state civil service laws when selecting Perez for the management assistant position.  Plaintiff argues that her fitness for the position was exhibited by her superior performance on the open competitive civil service

8

examination for management assistant. Plaintiff, along with two other persons, ranked first on the list with a score of 99.999. Although Plaintiff may have been qualified based on her score, the District selected Perez to fill the position, a person who ranked twelfth on the list with a score of 96.250. Perez, however, was also ranked on the promotional list.

The District contends that Perez was a more qualified candidate because she was on the promotional list, a list that Plaintiff was not on. Pursuant to N.J.A.C. 4A:4-3.7(a)[8], an interested candidate on the promotional list is entitled to the position before any candidate on the open competitive list can be considered, and when the two lists exist, the promotional list takes precedence for future appointments until the list is exhausted. Plaintiff herself has acknowledged the existence of this regulation and in her deposition, Plaintiff clearly articulated the relative priority given to the two different lists. (Plaintiff's Dep. 97:24- 98:5).

There is also no evidence to support Plaintiff's second contention that a bachelor's degree was required for appointment to the position. The applicable section of the job specification sheet for the management assistant position reads:

---

[8] N.J.A.C. 4A:4-3.7 states:
Priority of eligible lists
(a) When there is more than one current eligible list for a title, the priority of the lists shall be as follows:
1. Special reemployment, when the available position/title is in the department or autonomous agency from which the eligible was laid off, laterally displaced or demoted in lieu of layoff;
2. Promotional;
3. Special reemployment, when the available position/title is located in a department or autonomous agency other than that from which the eligible was laid off, laterally displaced or demoted in lieu of layoff;
4. Regular reemployment, police or fire reemployment; and
5. Open competitive.

    REQUIREMENTS

        EDUCATION

        Graduation from an accredited college or university with a Bachelor's degree.

        NOTE: Applicants who do not possess the required education may substitute experience as indicated on a year-for-year basis.

(Jenkins Cert., Ex. F).

A simple examination of the specification sheet reveals that a candidate's experience may be substituted for a bachelor's degree. Furthermore, Perez had been working in the District for more than a year, which may have helped fulfill the educational requirements set forth above. Plaintiff cannot support her argument that Perez was not qualified for the position because she did not have a bachelor's degree.

    The District, a public sector employer, is required to follow the civil service laws as prescribed in Title 4A of the New Jersey Administrative Code and it has met its burden by providing ample evidence that pursuant to the civil service laws, it had a legitimate, non-discriminatory reason for not promoting Plaintiff to the management assistant position in the budget office.

    If a defendant satisfies its burden of offering a legitimate reason for an employment action, the burden shifts back to the plaintiff to show that the defendant's proffered reason or reasons are a pretext for discrimination. *Tzannetakis v. Seton Hall Univ.*, 344 F.Supp.2d. The burden plaintiff bears of showing pretext is a heavy one. A plaintiff can show pretext by "pointing to some evidence, direct or circumstantial, from which a fact finder could reasonably either (1) disbelieve the [defendant's] articulated legitimate reasons; or (2) believe that an invidious discriminatory

reason was more likely than not a motivating or determinative cause of the" defendant's action." *Id.* at 444. Plaintiff must show, "such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the [defendant's] proffered legitimate reasons for its action that a reasonable fact finder could rationally find them 'unworthy of credence'". *Id.*; *Silvestre v. Bell Atl. Corp.*, 973 F.Supp. 475, 483.

Here, Plaintiff has not shown that the District's proffered reason or reasons for not hiring her is a pretext for discrimination. Plaintiff offers no specific examples to meet her burden of proof; rather, she offers numerous unsupported allegations and assumptions that could not support a reasonable jury's finding that the District failed to promote her because of her race or color.

Plaintiff alleges that Perez was selected for the position instead of Plaintiff because, *inter alia*, Plaintiff is African-American and Perez is Hispanic, Perez's parents held positions of power in the District and were able to influence the hiring process in favor of their daughter and influential Hispanic employees affected the selection process resulting in the District's choice of a less qualified, Hispanic candidate. Plaintiff supports these contentions with alleged statements made by Tamara Roberts, who was at the time of the employment action a member of the District's Human Resources Department. Roberts told Plaintiff that Plaintiff did not receive the position on account of her race. (Jenkins Cert., Ex. H). The court notes that Plaintiff submits no affidavit from Roberts nor any deposition testimony from Roberts to support her claim. However, assuming *arguendo* that Roberts made such a statement to Plaintiff, it could not be considered more than mere speculation because it was not made by or on behalf of the District. The Court of Appeals has held that "stray remarks by non-decisionmakers alone are insufficient to establish

discriminatory intent". *Potence v. Hazleton Area Sch. Dist.*, 357 F3d 366, 371 (3d Cir. 2004). In this case, it has not been shown or alleged that Roberts had any role in the District's decision-making process.

The only support Plaintiff provides to back her claims, her own opinion regarding Perez's selection (Pl. Dep. 96:10) and the alleged statement made by Roberts that Plaintiff didn't get the position because Perez's Hispanic "and [Hispanics] run things around here" (Jenkins Cert., Ex. J, Pl. Dep. 108:4-7), is not enough to show pretext. During her deposition, Plaintiff stated her belief that Perez was selected solely because she was Hispanic:

A ...the facts show that Newark favored a Hispanic person because when they saw [Perez] was number twelve and not reachable, they created a promotional to see if they could pull her from that list.

Q On what basis do you support these beliefs that you have, what factual information do you have that this happened?

A They were all right in front of us. All the Civil Service exams, the dates on the exams.

Q What factual information do you have in terms of the motives that you're attributing to the State and to Newark?

A I'm basing them upon the facts that are on the documents from the Civil Service, from Trenton.

Q Right, and what facts other than those lists?

A Just common sense.
(Jenkins Cert., Ex. J, Pl. Dep. 95:18-96:10).

Plaintiff has offered no objective evidence that could discredit the District's reasoning or

12

show that its reason was a pretext for discrimination. The evidence demonstrates that Perez held the management assistant position in the District on a provisional basis since January 21, 2002. The provisional appointment was approved by the DOP. (Adam's Cert, Ex. 7). The DOP later confirmed that Perez was entitled to and properly received the position because she was on the promotional list. The evidence also shows that Plaintiff was not on the separate promotional list from which the candidate had to be chosen. *See* N.J.A.C. 4A:4-3.7.

Plaintiff contends that the District is wrong because the DOP told her that she should have been appointed to the position. To support her contention Plaintiff relies on a statement made by Stutesman, during a conversation, that the District was at fault in this case and that Plaintiff should have been appointed to the position. It must be noted that assuming Stutesman made such a statement, she did not have all the relevant or applicable information regarding Plaintiff's complaint when she made the statement. The conversation Plaintiff had with Stutesman occurred before the DOP had the opportunity to conduct an investigation and therefore, all relevant facts could not have been considered at the time of the conversation. Plaintiff was not even able to provide Stutesman with all the relevant details during their conversation because she was unaware of the existence of the promotional list:

Q    Did you at any point during that conversation discuss the fact that there was a promotional list for that position [management assistant]?

A    At that time I did not know there was a promotional list for that position.

Q    So, during your conversation and based upon the facts that you gave to her, you're indicating Ms. Stutesman said there was a violation?

13

A   Yes.
(Jenkins Cert., Ex. J, Pl. Dep. 91:12-20).

Notwithstanding Plaintiff's conversation with Stutesman, the District is correct that such a conversation would not call into question the validity of the DOP's ultimate conclusion that the District adhered to civil service laws regarding the priority of the lists when it appointed Perez. Plaintiff is knowledgeable of the fact that the DOP, not the District, is responsible for the creation and maintenance of the lists:

Q   Your understanding is that the State is the one who prepares these lists. Correct?

A   Yes.

Q   And only the State can add or subtract from the list. Correct?

A   Yes.
(Adams Cert, Ex. 10, Pl. Dep. 96:23-97:3).

In an April 16, 2003 letter addressed to Plaintiff from Stutesman, the DOP confirmed its findings that the District had a legitimate, non-discriminatory reason for its employment decision concerning Plaintiff. The letter was sent after Plaintiff's verbal interaction with Stutesman and in response to Plaintiff's February 25, 2003 written inquiry and request for investigation; and it explains the protocol and procedures that the District was required to follow when hiring for the management assistant position. Stutesman's letter specifically addresses Plaintiff's concern about Perez's appointment:

> The Appointing Authority had the choice to fill the open competitive vacancy with any of the individuals ranked #1...[Perez] was appointed provisionally to the title Management Assistant pending promotion procedures on 1/12/2002. Ms. Perez was eligible for promotion to this title since she held at least 1 year of continuous permanent (RA) status prior to the announced closing date for filing

14

>applications.

>Since Ms. Perez was serving pending promotional procedures, the Newark School District can not use the open competitive list to fill a promotional vacancy. Pursuant to NJAC 4A:4-3.7(a), when both a promotional and open competitive list exist, the promotional list will take precedence for future appointments until it is exhausted. Therefore, there has been no violation of Civil service rules regarding Ms. Perez's provisional appointment.

(Adams Cert., Ex. 7; Ex. 8).

Although Plaintiff takes issue with the fact that Perez appears to only have been permanently appointed on or about September 12, 2003 and Plaintiff's complaint regarding Perez's appointment to the position was filed approximately seven months earlier in February 2003, Stutesman's letter specifically references the fact that Perez was serving "pending promotion procedures". Any delay in Perez's appointment does not dispute the fact that Perez was on the promotional list, Plaintiff was not on the promotional list and that the promotional list had to be exhausted before any candidate from the open competitive list was considered. For reasons unknown to this court, Plaintiff speculates about the validity of the explanations set forth in Stutesman's April 16, 2003 letter:

Q    I said that [sic] letter indicated that Ms. Perez was properly placed in that position, and, in fact, had a right to that position over you. Correct?

A    It indicated that, but that was not the truth behind the letter.

\*\*\*

Q    Why do you think that all this information is false?

A    Like I said, the letter dated April 16 which is D-8 that is Stutesman states that Newark acted justifiably by appointing Ms. Perez. Which at the

15

time she wrote this letter Ms. Perez was rejected
from the promotional list.  How could she possibly
write something justifying actions of Newark when
this person was not on the list?  She was rejected.
I don't understand how she or the State
came to this conclusion when she wasn't on the
promotional list at all.  She was rejected at that
point.
She was added to the list subsequently,
a month after this letter was written to me.
(Adams Cert., Ex. 10, Pl. Dep. 97:11-16; 98:8-20).

      Plaintiff complains that Perez's placement on the promotional list is problematic and the notation by Perez's name, "Retro 5-1-03", is indicative of intentional wrongdoing on the District's part.  The court again notes that the DOP compiles the lists of eligible candidates, has control over such promotional lists and second, it is likely that Perez's name was added to the list after a successful appeal. *See* N.J.S.A. 11A:4-4.  It does not seem odd that Perez's name was added to the list; in fact after the DOP promotional list was published, Perez's name was not the only name added to the list with a retroactive date. (Jenkins Cert., Ex. G).  More importantly, questions about the DOP's procedures with respect to the maintenance of the lists is of no relevance in the instant matter in which Plaintiff is suing the District.[9]

      With respect to Perez being added to the list, Plaintiff is aware that Perez filed an appeal after she was not initially placed on the promotional list. Such knowledge is evident from her deposition testimony:

---

    [9] Pursuant to N.J.S.A. 11A:4-4, the DOP has sole authority to develop lists of eligibles. The District argues that the DOP was responsible for creating the promotional list and for Perez's placement on that list, and that the list was obtained directly from the DOP, the state agency with authority over such lists and therefore it neither created, controlled or edited the list at any time.

16

```
A       Okay. I looked, I went down and I received [sic]
promotional list of eligibles. Her name was not on
it until it was added a month after this letter was produced.

Q       Was added by whom?

A       The merit board. When Ms. Perez first applied
for the promotion, this exam, she was rejected
because she did not have enough qualifications.  So,
she appealed it and she went back and added
additional information in to make it better for
herself, and then she was added onto the list.
```
(Adams Cert., Ex. 10, Pl. Dep. 93:12-23).

Plaintiff's statements regarding the truthfulness of the DOP's letter and the reasons for Perez's appointment constitute mere speculation.  However, unsupported allegations will not permit a party to survive a motion for summary judgment. *Port Authority of New York and New Jersey v. Affiliated FM Ins. Co.,* 311 F.3d 226, 233 (3d Cir. 2002).

There is no evidence contained in the record that the District was at fault for relying on the promotional list provided by the DOP.  Quite the contrary is true, as the evidence shows that the District acted reasonably and lawfully in relying on the civil service lists issued by the DOP.  The District effectively refutes Plaintiff's accusation that she was passed over for promotion under circumstances that give rise to an inference of discrimination because nothing in the record suggests that discriminatory animus played a role in the District's employment decision regarding Plaintiff.  Adherence to state civil service laws constitutes a legitimate, nondiscriminatory reason for adverse employment actions.  Plaintiff has provided no probative evidence that could reasonably discredit the District's articulated, legitimate reasons and thereby suggest that the legitimate, nondiscriminatory reasons are pretexts to mask unlawful discrimination.

## III. Conclusion

Plaintiff has failed to meet her burden to support a Title VII claim for failure to promote on the basis of race or color. No reasonable jury could find otherwise. For the reasons set forth above, the District's motion for summary judgment is granted.

                                                 /s/ Dickinson R. Debevoise
                                                 DICKINSON R. DEBEVOISE, U.S.S.D.J.

Dated: August 15, 2005